UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MAURER,<br><br>                              Plaintiff,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 569, AFL-CIO, an unincorporated association,<br>    and;<br>SAN DIEGO ELECTRICAL JOINT APPRENTICESHIP AND TRAINING COMMITTEE, a non-profit corporation and trust,<br><br>                              Defendants. | Case No.:  3:16-cv-00676-GPC-JMA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[ECF No. 4, 7] |

Before the Court are Defendants San Diego Electrical Joint Apprenticeship and Training Committee's ("JATC") Motion to Dismiss ("JATC Mot."), ECF No. 4, and International Brotherhood of Electrical Workers, Local 569, AFL-CIO's ("IBEW") Motion to Dismiss, ("IBEW Mot."), ECF No. 7. Upon consideration of the moving papers and the applicable law, and for the reasons set forth below, the Court **GRANTS** both JATC's and IBEW's Motion to Dismiss without prejudice.

/ / /

# FACTUAL BACKGROUND

On January 10, 2012, pro se Plaintiff Martin Maurer ("Plaintiff") entered into an apprentice agreement with JATC, Compl. ¶ 25, ECF No. 1, which Plaintiff alleges is "a joint apprentice committee under a collective bargaining agreement within the meaning of Cal. Lab. Code Ann. §3075(a)." *Id.* ¶ 10. On March 1, 2012, Plaintiff was admitted into the IBEW, *Id.* ¶ 26, which Plaintiff alleges is a labor organization within the meaning of 29 U.S.C. § 152(5). *Id.* ¶ 8. On February 18, 2015, Plaintiff was dispatched to work as an electrician for Five Star Electric. *Id.* ¶ 7. On February 27, 2015, Plaintiff was fired from his job when he was handed a Termination Notice by an acting foreman of Five Star Electric; no reason was given for the termination. *Id.* ¶ 28.

On March 5, 2015, Plaintiff filed a grievance with the IBEW office, challenging the lack of reasons for his termination. *Id.* ¶ 31. On March 30, 2015, Plaintiff received a letter from JATC stating that Plaintiff was "to show-cause" why JATC should not recommend to the Administrator of Apprenticeship ("Administrator") that Plaintiff's apprenticeship agreement be canceled in light of his termination from Five Star Electric. *Id.* ¶ 32. Plaintiff received this letter one day prior to a hearing before JATC, which occurred on March 31, 2015. *Id.* At the hearing, Plaintiff was informed that the grievance he filed did not have merit. *Id.* ¶ 35.

On April 5, 2015, Plaintiff received a letter from JATC stating that JATC made a decision to apply to the Administrator to cancel Appellant's apprenticeship agreement effective March 31, 2015. *Id.* ¶ 36. Sometime between March 31, 2015 and May 14, 2015, Plaintiff's union classification was changed from "Apprentice Wireman" to "Unclassified." *Id.* ¶ 38. Although the Complaint does not specifically address what happened next, it appears that Plaintiff appealed this decision to the Administrator. *Id.* ¶ 54. On January 29, 2016, the Administrator decided that JATC failed to demonstrate a good and sufficient reason for canceling Plaintiff's apprenticeship agreement and reinstated Plaintiff to the apprentice agreement. *Id.* ¶ 54-55.

/ / /

# PROCEDURAL BACKGROUND

On March 21, 2016, Plaintiff filed a Complaint against Defendants JATC and IBEW alleging six causes of action against both Defendants. ECF No. 1. Plaintiff brings the First, Second, and Third causes of action under section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, alleging that Defendants breached their contractual obligations by unfairly and unreasonably terminating Plaintiff's apprenticeship agreement. Compl. ¶ 1. Plaintiff brings the Fourth, Fifth, and Sixth causes of action under section 101(a)(5) of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 411(a)(5), alleging that defendants infringed upon his rights by bringing improper disciplinary action. *Id.* ¶ 2. Both Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 4, 7.

# CAUSES OF ACTION

1.      In the First cause of action, Plaintiff alleges that Defendants breached the "IBEW Constitution" by removing Plaintiff from JATC's apprenticeship program and reclassifying plaintiff. Compl. ¶ 62. Plaintiff alleges that the IBEW Constitution is a contract between Plaintiff and IBEW, within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, which requires that disciplinary charges be brought by the local union's Executive Board following specific safeguards. *Id.* ¶ 61.

2.      In the Second cause of action, Plaintiff alleges that IBEW breached the "Inside Agreement" by failing to require Five Star Electric to provide Plaintiff with a termination slip stating the reason for his termination. *Id.* ¶ 66. (Plaintiff also refers to the Inside Agreement as the "collective bargaining agreement." *See id.* ¶ 13(b).) Plaintiff alleges that the Inside Agreement is a contract between Plaintiff and IBEW, within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, which requires that electricians to be terminated be given a termination slip stating the reason for the termination. *Id.* ¶ 65.

3.      In the Third cause of action, Plaintiff alleges that Defendants breached the "National Standards" by accepting and introducing an apprentice evaluation form in a

1   disciplinary hearing that was not filled out by the journeyman working with Plaintiff. *Id.*

2   ¶ 70. (Plaintiff also refers to the National Standards as the "National Guidelines." *See id.*

3   ¶ 13(d).) Plaintiff alleges that the National Standards is a contract between Plaintiff and

4   IBEW, within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, which requires

5   that apprentice evaluation forms be filled out by the journeyman the apprentice works

6   with. *Id.* ¶ 69.

7   4.     In the Fourth cause of action, Plaintiff alleges that Defendants infringed upon

8   Plaintiff's rights pursuant to section 101(a)(5) of the LMRDA, 29 U.S.C. § 411(a)(5)(A),

9   by ordering Plaintiff to show cause why he should not be removed from the JATC's

10   apprenticeship program "without serving plaintiff with written specific charges." *Id.* ¶ 74.

11   5.     In the Fifth cause of action, Plaintiff alleges that Defendants infringed upon

12   Plaintiff's rights pursuant to section 101(a)(5) of the LMRDA, 29 U.S.C. § 411(a)(5)(B),

13   by giving Plaintiff only one-day written notice to "show cause" why he should not be

14   expelled from JATC's apprenticeship program with only one-day written notice. *Id.* ¶ 78.

15   6.     In the Sixth cause of action, Plaintiff alleges that Defendants infringed upon

16   Plaintiff's rights pursuant to section 101(a)(5) of the LMRDA, 29 U.S.C. § 411(a)(5)(C),

17   by deciding to expel Plaintiff from the JATC's apprenticeship program "without a full

18   and fair hearing." *Id.* ¶ 82.

### LEGAL STANDARD

19

20   **I.    Motion to Dismiss**

21        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the

22   sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

23   Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal

24   theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see*

25   *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Alternatively, a complaint may be

26   dismissed where it presents a cognizable legal theory yet fails to plead essential facts

27   under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed

28   factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to

relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In the case of a pro se plaintiff, the court is to construe the complaint with even greater liberality than it would formally drafted pleadings. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

## II.    Leave to Amend

Federal Rule of Civil Procedure 15 provides that courts should freely grant leave to amend when justice requires it. Accordingly, when a court dismisses a complaint for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleadings could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th

Cir. 1992) (internal quotations marks omitted). Amendment may be denied, however, if amendment would be futile. *See id.*

## DISCUSSION

I.   **JATC's Motion to Dismiss [ECF No. 4]**

   A.   **JATC's Motion to Dismiss Plaintiff's First, Second, and Third Claims under section 301 of the LMRA**

   Plaintiff's First, Second, and Third claims against JATC under section 301 of the LMRDA, 29 U.S.C. § 185, allege that JATC breached three contracts between IBEW and Plaintiff when it acted unfairly and unreasonably in terminating Plaintiff's apprenticeship agreement without following any of the IBEW disciplinary procedures. Compl. ¶ 2. JATC moves to dismiss Plaintiff's claims on the grounds that Plaintiff does not allege that JATC was a party to any of the contracts that it allegedly breached. JATC Mot. 6-7, ECF No. 4.[1]

   Plaintiff's First cause of action refers to the "IBEW Constitution" as a contract between *Plaintiff and IBEW* and requires that disciplinary charges be brought, tried, and decided by the local union's Executive Board. Compl. ¶ 61 (emphasis added). Plaintiff's Second cause of action refers to the "Inside Agreement" as a contract between *Plaintiff and IBEW* and requires that electricians to be terminated be given a termination slip stating the reason for the termination. *Id.* ¶ 65-66 (emphasis added). Plaintiff's Third cause of action refers to the "National Standards" as a contract between *Plaintiff and IBEW* and requires that apprentice evaluation forms be filled out by the journeyman the apprentice is working with. *Id.* ¶ 69 (emphasis added). Plaintiff does not allege anywhere in his Complaint that JATC is a party to any of the allegedly breached contracts.

   First, Plaintiff argues that JATC "represents 'the parties to the local Collective Bargaining Agreement,'" citing to paragraph 13(e) of the Complaint. Pl. Opp. JATC 8,

---

[1] All page numbers cited refer to the pagination created by the CM/ECF system, not parties' original page numbers.

ECF No. 12. However, paragraph 13(e) of the Complaint merely recites that Plaintiff and IBEW are parties to the Local JATC Standards. *See* Compl. ¶ 13(e). Second, Plaintiff cites to the Local JATC Standards. Pl. Opp. JATC 8. However, those statements do not establish that JATC is a party to the allegedly breached contracts. Third, Plaintiff cites to *Casa del Caffe Vergnano S.P.A. v. Italflavors, LLC*, 816 F.3d 1208, 1212 (9th Cir. 2016) for the proposition that "[t]he mutual intention to be bound by an agreement is the sine qua non of legally enforceable contracts and recognition of this requirement is nearly universal." *Id.* 7-8. Relying on this principle, Plaintiff argues that there was "a significant manifestation of a mutual intention" between IBEW and JATC to be bound by the contracts. *Id.* 9. However, Plaintiff neither alleges this in the Complaint, nor provides any factual allegations from which the Court could reasonably infer that there was a mutual intention between IBEW and JATC to be bound by the contracts. Even if Plaintiff was able to establish the existence of mutual intention, this does not relieve Plaintiff from the obligation of pleading that JATC was a party to the contract that it is alleged to have breached.[2]

The Court finds that Plaintiff's Complaint does not sufficiently allege that JATC was a party to the allegedly breached contracts. Accordingly, the Court grants JATC's Motion to Dismiss Plaintiff's First, Second, and Third claims for failure to state a claim, with leave to amend. Plaintiff's amended complaint, to the extent it asserts the First to Third claims against JATC, should address the deficiencies identified in the Complaint.

**B.     JATC's Motion to Dismiss Plaintiff's Fourth, Fifth, and Sixth Claims brought under section 101(a)(5) of the LMRDA**

Plaintiff's Fourth, Fifth, and Sixth claims against JATC under section 101(a)(5) of the LMRDA, 29 U.S.C. § 411(a)(5), allege that JATC infringed upon Plaintiff's rights by

---

[2] Plaintiff improperly cites to a footnote in *United Steelworkers of Am., AFL-CIO v. Nw. Steel Rolling Mills, Inc.*, 324 F.2d 479, 482 n.5 (9th Cir. 1963) to stand for the proposition that "'an agreement may be shown by conduct of the parties' even when not signed." Pl. Opp. JATC 8. However, the footnote actually states that a "modification of an agreement may be shown by conduct of the parties." 324 F. 2d 479 at 482 n.5.

not providing proper safeguards when it decided to remove Plaintiff from the apprenticeship program. Compl. ¶ 72-83. Section 101(a)(5) of the LMRDA protects a member of a labor organization against improper disciplinary action "by such [labor] organization or by any officer thereof." [3] 29 U.S.C. § 411(a)(5). JATC moves to dismiss Plaintiff's Fourth, Fifth, and Sixth causes of action brought under section 101(a)(5) of the LMRDA on the grounds that JATC is not a proper party to these claims. JATC Mot. 7-8.

First, JATC argues that Plaintiff's claims under section 101(a)(5) of the LMRDA must be dismissed because Plaintiff does not allege that JATC is a "labor organization." *Id*. It contends that apprentice committees like JATC are not labor organizations as a matter of law.[4] JATC Mot. 7-8 (citing *Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058, 1066 (5th Cir. 1980); *Link v. Rhodes*, No. C 06-0386 MHP, 2006 WL 1348424 at *9 (N.D. Cal. May 17, 2006); *Young v. Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers, Local 17*, No. 78 C 1897, 1981 WL 27274, at *3 n.1 (N.D. Ill. July 21, 1981); *aff'd*, 703 F.2d 572 (7th Cir. 1983)).) JATC argues that Plaintiff implicitly recognizes that JATC is not a labor organization because, while the Complaint expressly alleges that IBEW is a labor organization, it omits any such allegation as to JATC. JATC Repl. 6, ECF No. 15.

The Court finds that none of the authorities cited by JATC clearly establish that apprenticeship committees are not labor organizations as a matter of law. First, in *Link v.*

---

[3] Section 101(a)(5) of the LMRDA provides: "No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." 29 U.S.C § 411(a)(5).

[4] Section 3(i) of the LMRDA provides: "'Labor organization' means a labor organization engaged in an industry affecting commerce and includes any organization of any kind, any agency, or employee representation committee, group, association, or plan so engaged in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment, and any conference, general committee, joint or system board, or joint council so engaged which is subordinate to a national or international labor organization, other than a State or local central body." 29 U.S.C. § 402(i).

*Rhodes*, the court did not express an opinion as to whether an apprentice committee is a labor organization within the meaning of the LMRDA. Rather, the court held that a union member's LMRDA claim against the committees failed as a matter of law because he did not allege or establish that the committees were labor organizations within the meaning of the LMRDA. 2006 WL 1348424, at *8.

Second, in *Young v. Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers, Local 17,* the court stated in a footnote that "the [Joint Apprenticeship Committee] is not a labor organization, and is therefore not amenable to suit under the LMRDA." 1981 WL 27274, at *3. However, the court did not explain the basis for this finding. *See id.* The Court recognizes that there are limitations in relying on a conclusory sentence in a footnote from a district court of another Circuit.

Third, in *Bass v. Int'l Bhd. of Boilermakers*, the court did not make a categorical determination as to the legal status of apprenticeship committees, but instead, held that an apprentice training committee was not a labor organization and could not be held liable under the LMRDA where the committee had no members, did not represent anyone in collective bargaining, did not deal with employers concerning conditions of employment on behalf of any employees, and was administered by a managing committee appointed in equal numbers by management and labor." 630 F.2d at 1066.

Based on the current pleadings, the Court finds that Plaintiff has not sufficiently alleged or established that JATC is a labor organization within the meaning of LMRDA. Accordingly, the Court grants IBEW's motion to dismiss Plaintiff's Fourth, Fifth, and Sixth claims, with leave to amend. Plaintiff's amended complaint, to the extent it asserts the Fourth to Sixth claims against JATC, should address the deficiencies identified in the Complaint.

## II.   IBEW's Motion to Dismiss [ECF No. 7]

### A.   IBEW's Motion to Dismiss Plaintiff's First, Second, and Third Claims under section 301 of the LMRA

Plaintiff's First, Second, and Third claims against IBEW under section 301 of the

1  LMRDA, 29 U.S.C. § 185, allege that JATC breached three contracts between IBEW and

2  Plaintiff when it acted unfairly and unreasonably in terminating Plaintiff's apprenticeship

3  agreement without following any of the IBEW disciplinary procedures. Compl. ¶ 2.

4  IBEW moves to dismiss Plaintiff's First, Second, and Third claims under section 301 of

5  the LMRA on the grounds that the claims were not filed within the appropriate statute of

6  limitations period, and therefore, must be dismissed as untimely. IBEW Mot. 4-6.

7       The alleged breaches of contract relating to the IBEW Constitution, Inside

8  Agreement, and the National Standards are subject to the six-month statute of limitation

9  period contained in section 10(b) of the National Labor Relations Act, 29 U.S.C. §

10  160(b), rather than the four-year state limitations period governing breach of contract

11  claims. *See, e.g.*, *Moore v. Local Union 569 of Int'l Bhd. of Elec. Workers*, 989 F.2d

12  1534, 1542 (9th Cir. 1993) (holding that a union member's claim that union officials had

13  breached contractual duty imposed by the union constitution was governed by the federal

14  six-month statute of limitations period, rather than the state statute of limitations

15  governing breaches of contract); *Gardner v. Int'l Tel. Employees Local No. 9*, 850 F.2d

16  518, 522 (9th Cir. 1989) (holding that a union member's claim that the union violated the

17  LMRDA by failing to provide union member a copy of the collective bargaining

18  agreement was subject to six-month statute of limitations); *Conley v. Int'l Bhd. of Elec.*

19  *Workers, Local 639*, 810 F.2d 913, 915 (9th Cir. 1987) (holding that a union member's

20  complaint alleging a violation of section 301 of the LMRA and state contract law was

21  subject to six-month statute of limitations).

22       In the First cause of action against IBEW, Plaintiff alleges that IBEW violated the

23  IBEW Constitution by removing Plaintiff from JATC's apprenticeship program and

24  reclassifying plaintiff. Compl. ¶ 62. According to Plaintiff, Plaintiff was removed from

25  JATC's apprenticeship program on March 31, 2015 and informed of this on April 6,

26  2015. *Id.* ¶ 36. Plaintiff's classification was changed from "Apprentice Wireman" to

27  "Unclassified" sometime between March 31, 2015 and May 14, 2015. *Id.* ¶ 38.

28       In the Second cause of action against IBEW, Plaintiff alleges that IBEW violated

1   the terms of the Inside Agreement by not requiring Five Star Electric to provide Plaintiff

2   with a termination slip stating the reason for his termination. Compl. ¶ 66. According to

3   Plaintiff, Plaintiff filed a grievance on March 5, 2015 over his alleged violation of the

4   Inside Agreement, *id.* ¶ 31, and was informed on March 31, 2015 that the union

5   grievance did not have merit. *Id.* ¶ 35.

6        In the Third cause of action against IBEW, Plaintiff alleges that IBEW violated the

7   National Guidelines "by accepting and introducing an apprentice evaluation form in a

8   disciplinary hearing that was not filled out by the journeyman working with the plaintiff."

9   Compl. ¶ 70. According to Plaintiff, JATC introduced a negative and unsigned apprentice

10  evaluation form on March 31, 2015. *Id.* ¶ 34.

11       IBEW argues that in each of these three instances, the six-month statute of

12  limitations began to run when Plaintiff learned about the alleged adverse actions taken by

13  IBEW — respectively, (1) no later than April 6, 2015, when Plaintiff learned he was

14  removed from JATC's apprenticeship program; (2) on March 31, 2015, once Plaintiff

15  was informed that IBEW was not pursuing his grievance any further; and (3) on March

16  31, 2015, when JATC introduced the negative and unsigned apprentice evaluation form at

17  the disciplinary hearing. IBEW Mot. 5–6. IBEW argues that since Plaintiff did not file his

18  Complaint in the present action until March 21, 2016, all three of Plaintiff's causes of

19  action are barred by the statute of limitations.

20       Plaintiff argues that under California law, no cause of action to enforce his

21  apprentice agreement with JATC accrued until he exhausted all administrative remedies.

22  Pl. Opp. IBEW 5-9, ECF No. 10.  Plaintiff argues that he exhausted all his administrative

23  remedies to enforce his apprentice agreement when the Administrator's decision to

24  reinstate Plaintiff into the apprenticeship program became the order of the California

25  Apprenticeship Council on February 28, 2016. *Id.* at 8-9. Therefore, Plaintiff argues that

26  his claims accrued on February 28, 2016, and that the application of the six-month statute

27  of limitations does not bar his breach of contract claims against IBEW. *Id.* at 9.

28       Plaintiff is correct that under California Labor Code § 3085, no cause of action to

enforce Plaintiff's apprentice agreement with JATC would accrue until Plaintiff had exhausted all administrative remedies. However, Plaintiff is not bringing a cause of action against IBEW to enforce Plaintiff's apprentice agreement with JATC. Instead, Plaintiff is bringing causes of action against IBEW for breach of three separate contracts: (1) the IBEW Constitution; (2) the Inside Agreement; and (3) the National Standards. The causes of action for each of Plaintiff's breach of contract claims accrued when Plaintiff learned about the acts constituting the violations. *See, e.g.*, *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986) (holding that the cause of action accrues when the employer learns or should have learned of the union's decision); *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1396 (9th Cir. 1986) (holding that a cause of action accrues when the Plaintiff knew, or should have known of the defendant's wrongdoing); *NLRB v. Don Burgess Construction Co.*, 596 F.2d 378, 382 (9th Cir. 1986) (holding that section 10(b) limitations period begins to run when the employee "discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [violation]").[5]

Plaintiff also argues that his filing of the appeal with the Administrator equitably tolled the statute of limitations period to February 8, 2016. Pl. Opp. IBEW 9, ECF No. 9. Plaintiff relies on *Holland v. Florida*, 560 U.S. 631, 647 (2010), concerning a habeas corpus proceeding, and *Mt. Hood Stages, Inc. v. Greyhound Corp.*, 616 F.2d 394, 400, 406 (9th Cir. 1980), concerning an antitrust proceeding under the Sherman Act. *Id.* at 9-10. The Court finds Plaintiff's reliance on these cases to be misplaced, as neither case addresses equitable tolling in the context of section 301 claims. Equitable tolling is most appropriate when the plaintiff is required to avail himself of an alternate course of action as a precondition to filing suit. *Conley*, 810 F.2d at 915. Although it is true that good faith attempts to resolve claims through grievance procedures may toll the statute of

---

[5] Plaintiff also asserts that he could not institute any action for the breach of apprentice agreement until the adopted decision of the California Apprenticeship Council became conclusive. Pl. Opp. IBEW 9. However, Plaintiff does not provide any support for this conclusory statement.

limitations period, this is only the case when grievance procedures could result in the relief sought by the employee. *Galindo*, 793 F.2d at 1510, 1510 n.5. The relief Plaintiff sought through his grievance procedure was reinstatement of his apprenticeship, Compl. ¶ 55, while the relief Plaintiff seeks from the Court is damages and prejudgment interest.[6] Compl. ¶ 83. Plaintiff's appeal to the Administrator could not result in the relief that Plaintiff seeks before the Court, and it did not prevent Plaintiff from bringing a suit under section 301 of the LMRA. *See Conley*, 810 F.2d at 915 (citing *Adkins v. Int'l Union of Elec. Workers*, 769 F.2d 330, 335-36 (6th Cir. 1985)). Therefore, the Court finds that Plaintiff's filing of the appeal with the Administrator did not equitably toll the statute of limitations period.

The Court observes that the acts allegedly constituting the violations of these contracts all took place more than six months prior to the present Complaint being filed. Accordingly, the Court finds that the Plaintiff's First, Second, and Third causes of action are all untimely, and grants IBEW's motion to dismiss these claims as barred by the applicable statute of limitations.

Plaintiff may amend the complaint in regards to his First to Third claims against IBEW to the extent that he provides sufficient grounds for how IBEW's conduct amounted to a "continuing violation."[7]

## B.  IBEW's Motion to Dismiss Plaintiff's Fourth, Fifth, and Sixth Claims under section 101(a)(5) of the LMRDA

Plaintiff's Fourth, Fifth, and Sixth claims against IBEW under section 101(a)(5) of the LMRDA, 29 U.S.C. § 411(a)(5), allege that IBEW infringed upon Plaintiff's rights by

---

[6] More specifically, Plaintiff seeks relief in punitive damages, compensatory damages, special damages relating to loss of employment, delayed pay increases, and out-of-pocket expenses, prejudgment interest, and costs of suit. Compl. ¶ 83.

[7] Plaintiff also argues that IBEW's conduct amounts to a continuing violation because it could have "stopped any one of these breaches of contract during the Administrator of Apprenticeship's de novo hearing on the merits." *Id.* at 8. Plaintiff does not point to any cases supporting his argument. The Court finds that Plaintiff's conclusory statement is insufficient to provide a basis for his claim.

not providing proper safeguards when JATC decided to remove Plaintiff from the apprenticeship program. Compl. ¶ 72-83. Section 101(a)(5) of the LMRDA protects a member of a labor organization against improper disciplinary action "by such [labor] organization or by any officer thereof."[8] 29 U.S.C. § 411(a)(5).

Defendant IBEW moves to dismiss Plaintiff's Fourth, Fifth, and Sixth causes of action for failure to state a claim. IBEW Mot. 6-9.

First, IBEW argues that JATC is not a "labor organization" within the meaning of LMRDA, and therefore its decision to remove Plaintiff from the JATC apprentice program is not governed by section 101(a)(5). *Id.* 7-8. IBEW contends, and Plaintiff does not dispute, that JATC is instead a "trust in which a labor organization is interested."[9] *Id.* 8 (citing section 3(l) of the LMRDA). IBEW emphasizes the distinction between a labor organization and trust, stating that a labor organization "exists for the purpose . . . of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment," *id.* 8 (citing section 3(i) of the LMRDA), while a trust "provide[s] benefits for the members of . . . labor organization." *Id.* 8 (citing sections 3(i); (l) of the LMRDA).

Second, IBEW contends that Plaintiff's allegation of an agency relationship between JATC and IBEW is a mere conclusory statement that is insufficient to state a claim. *Id.* Plaintiff's allegation states, "Plaintiff is informed and believes and thereon alleges that each of the defendants was at all material times the agent of each other defendant." Compl. ¶ 12.

---

[8] Section 101(a)(5) of the LMRDA provides: "No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." 29 U.S.C § 411(a)(5).

[9] Section 3(l) of the LMRDA provides: "a trust or other fund or organization (1) which was created or established by a labor organization, or one or more of the trustees or one or more members of the governing body of which is selected or appointed by a labor organization, and (2) a primary purpose of which is to provide benefits for the members of such labor organization or their beneficiaries." 29 U.S.C. § 402(l).

The Court agrees that Plaintiff does not sufficiently allege or establish that an agency relationship existed between JATC and IBEW. Although the Court takes Plaintiff's factual allegations in the Complaint as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, U.S. 662, 678. The Court also notes that Plaintiff's factual allegations in the Opposition cannot be used to support a claim alleged in the Complaint.

The Court finds that Plaintiff has not sufficiently alleged that JATC is a labor organization within the meaning of LMRDA or that an agency relationship existed between JATC and IBEW. Accordingly, the Court grants IBEW's motion to dismiss Plaintiff Fourth, Fifth, and Sixth claims for failure to allege a sufficient claim, and grants Plaintiff leave to amend.

Plaintiff's amended complaint, to the extent it asserts the Fourth to Sixth claims against IBEW, should clarify the legal status of the JATC as it relates to the LMRDA and the agency relationship between JATC and IBEW.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendant JATC's Motion to Dismiss for Failure to State a Claim, ECF No. 4, is **GRANTED** without prejudice and with leave to amend.

2. Defendant IBEW's Motion to Dismiss for Failure to State a Claim, ECF No. 7, is **GRANTED** without prejudice and with leave to amend.

3. **<u>Within thirty (30) days</u>** of the issuance of this Order, Plaintiff must file either a second amended complaint or a notice of election not to file an amended complaint. Failure to comply with this order will result in dismissal of the action pursuant to Fed. R.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

Civ. P. 41(b). Defendant must file any response **within fourteen (14) days** after service of the amended pleading.

      **IT IS SO ORDERED.**

Dated:  August 4, 2016

Hon. Gonzalo P. Curiel
United States District Judge

16

3:16-cv-00676-GPC-JMA