Joseph C. Faucher, SBN 137353
TRUCKER ✦ HUSS
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: (415) 788-3111
Facsimile: (415) 421-2017
E-mail: jfaucher@truckerhuss.com

Attorneys for Defendant
SAN DIEGO ELECTRICAL JOINT
APPRENTICESHIP AND TRAINING
COMMITTEE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MAURER,<br><br>    Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 569, AFL-CIO and; SAN DIEGO ELECTRICAL JOINT APPRENTICESHIP AND TRAINING COMMITTEE,<br><br>    Defendants. | Case No. 16:cv-0676-GPC-JMA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANT SAN DIEGO ELECTRICAL JOINT APPRENTICESHIP AND TRAINING COMMITTEE TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**[Proposed Order lodged concurrently herewith.]**<br><br>Date: October 28, 2016<br>Time: 1:30 p.m.<br>Dept.: 2D<br>Judge: Hon. Gonzalo P. Curiel |

## TABLE OF CONTENTS

Page No.

I.   INTRODUCTION ...................................................................................................1

   A.   PRELIMINARY STATEMENT ..........................................................................1

   B.   STATEMENT OF FACTS .................................................................................2

      1.   The Parties...........................................................................................2

      2.   Alleged Facts Giving Rise to Plaintiff's Claims..................................3

      3.   Plaintiff's Claims for Relief ................................................................4

         a.   First Cause of Action..................................................................4

         b.   Second Cause of Action .............................................................4

         c.   Third Cause of Action ................................................................5

         d.   Fourth Cause of Action ..............................................................5

         e.   Fifth Cause of Action .................................................................5

II.  ARGUMENT..........................................................................................................6

   A.   STANDARDS GOVERNING MOTIONS TO DISMISS .........................................6

   B.   PLAINTIFF'S BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED ...................6

   C.   PLAINTIFF'S LMRDA CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO SUGGEST THAT THE JATC IS A LABOR ORGANIZATION SUBJECT TO LIABILITY UNDER THAT STATUTE ...............................10

   D.   IN THE EVENT THE COURT DOES NOT DISMISS ALL OF PLAINTIFF'S CLAIMS, HIS REQUEST FOR PUNITIVE DAMAGES IS SUBJECT TO DISMISSAL ..................................11

III. CONCLUSION....................................................................................................13

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

# TABLE OF AUTHORITIES

Page No.

**Cases**

*Ashcroft v. Iqbal,* 556 U.S. 663, 129 S.Ct. 1937 (2009)...............................................................6, 13

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1988)..........................................................6

*Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058 (5th Cir. 1980) .......................................................7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).........6, 7, 10

*Bise v. Int'l Bhd. of Elec. Workers, AFL-CIO Local 1969*, 618 F.2d 1299 (9th Cir. 1979)...............12

*Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984) ................................................10

*Casumpang v. Int'l Longshore & Warehouse Union, Local 142*, 411 F. Supp. 2d 1201 (D. Haw. 2005)...........................................................................................................................................12

*Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993) ..............................................................9

*Cooke v. Orange Belt District Council of Painters*, 529 F.2d 815 (9th Cir. 1976)............................12

*Coppola v. Smith*, 982 F. Supp. 2d 1133 (E.D. Cal. 2013) ................................................................13

*Crisanto v. Cty. of Tulare*, No. 15-1527, 2015 WL 7188165 (E.D. Cal. Nov. 16, 2015) ............12, 13

*Dang v. Cross*, 422 F.3d 800 (9th Cir. 2005) ....................................................................................13

*Deppe v. United Airlines*, No. 00-3185, 2000 WL 1897296, (N.D. Cal. Dec. 19, 2000) ....................9

*Flagstaff Med. Ctr., Inc. v. Sullivan*, 962 F.2d 879 (9th Cir. 1992) .....................................................9

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000) ........................9

*Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011 (C.D. Cal. 2015) .................................8

*Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137 (9th Cir. 2009) ..................................................9

*Link v. Rhodes*, 2006 WL 1348424 (N.D. CA. 2006) .........................................................................7

*Loft v. Stationary Engineers, Local 39 PTF, LLC*, 87 F. Supp. 3d 1138 (N.D. Cal. 2015) ...............12

*Moore v. Local Union 569 of Int'l Bhd. of Elec. Workers,* 989 F.2d 1534 (9th Cir. 1993) ...............12

*Phipps v. Wells Fargo Bank, N.A.*, 2011 WL 302803 (E.D. Cal. Jan. 27, 2011) ...............................10

*Shisslak v. Richardson*, 462 F.2d 1370 (9th Cir. 1972) .......................................................................9

*Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, (S.D. Cal.1998).........................................6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)......................................................8

*Thompson v. New York Cent. R. Co.*, 361 F.2d 137 (2nd Cir. 1966) .................................................10

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) .......................................................................8

*Walker v. McCoud Cmty. Servs. Dist., No. 16-61*, 2016 WL 951635 (E.D. Cal. Mar. 14, 2016)......12

*Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal.App.4th 1171 (2008) ...........................10

*Warth v. Seldin*, 422 U.S. 490 (1975)..................................................................................................9

*Williams v. Pac. Maritime Ass'n*, 421 F.2d 1287 (9th Cir. 1970) ......................................................12

*Young v. Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers*, Local 17, 703 F.2d 572 (7th Cir. 1983) ..............................................................................................................................7

*Young v. Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers*, Local 17, No. 78 C 1897 WL 27274 (N.D. Ill. July 21, 1981) ..................................................................................................7

**Statutes**

29 U.S.C. §142(3) ..............................................................................................................................7

29 U.S.C. §152(5) ........................................................................................................................3, 7

29 U.S.C. §152(6)(7) ...................................................................................................................3, 7

29 U.S.C. §18 ....................................................................................................................................1

29 U.S.C. §185 ..................................................................................................................................7

29 U.S.C. §402 ................................................................................................................................11

29 U.S.C. §402(i) ..............................................................................................................................7

29 U.S.C. §402(j) .........................................................................................................................3, 7

29 U.S.C. §411(a)(5)(A) ..................................................................................................................4

California *Labor Code* §3075 ......................................................................................................8

California *Labor Code* §3075(a) .................................................................................................3

**Rules**

F.R.Civ.P. 12(b)(6) .........................................................................................................................12

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

# I. INTRODUCTION

## A. Preliminary Statement.

This Court previously dismissed each of the causes of action in Plaintiff's original Complaint. Defendant San Diego Electrical Joint Apprenticeship and Training Committee ("JATC") now moves to dismiss each of the six claims for relief set forth in Plaintiff's First Amended Complaint ("FAC").

The 43 page FAC - much of which consists of lengthy single spaced quotes of documents that have nothing to do with Plaintiff's claims - is long on words but short on substance. And as to the JATC, it fails to rectify the problems of the original Complaint and is plagued by additional fatal flaws.

The First Claim for Relief is a cause of action for breach of contract allegedly arising under §301 of the Labor Management Relations Act (29 U.S.C. §185). Plaintiff's claim is that the JATC breached a purported obligation to require that his evaluation forms be filled out and signed by a journeyman electrician with whom he was working. There are multiple problems with his claim. First, the statute under which the claim is brought relates expressly to suits by employers against labor organizations, and between labor organizations. There are no facts set forth in the FAC to support Plaintiff's bare conclusion that JACT is a labor organization. Second, Plaintiff alleges no damages in connection with that claim. Third, his claim is moot, as Plaintiff challenged the termination of his Apprenticeship Agreement (which is presumably his real gripe) through an administrative claim process, and prevailed. And finally, the purported contractual provision that Plaintiff claims was breached is not, in fact, a term of the Apprenticeship Agreement. Contrary to the allegations of the FAC, Plaintiff's Apprenticeship Agreement does not incorporate the provisions of the National Guidelines For Apprenticeship Standards for Electrical Joint Apprenticeship and Training Committees Representing the National Electrical Contractors Association, Inc. and the International Brotherhood of Electrical Workers ("National Standards"). Rather, it incorporates the local standards (also referred to in

the FAC). But even if the Apprenticeship Agreement incorporated the National Standards, it would not matter to this case, because the National Standards include no provision requiring evaluation forms to be filled out in the manner claimed by Plaintiff.

The Second through Fifth Causes of Action allegedly arise under the Labor Management Reporting and Disclosure Act ("LMRDA"). To be liable under the LMRDA, a defendant must be a "labor organization" within the meaning of that statute. Although Plaintiff alleges the conclusion that JATC is a labor organization, none of the facts set forth in the FAC support that bare conclusion. Indeed, there is no reason to conclude, on the facts actually alleged, that it is. Because apprenticeship committees such as the JATC do not fit within the LMRDA's definition of "labor organization," they are not proper parties to a complaint for violation of that statute. Moreover, Plaintiff fails to allege any facts indicating that he was damaged as a result of any alleged infringement of rights. Consequently, the Second through Sixth Causes of Action as against JATC should also be dismissed.

Finally, Plaintiff's claim for punitive damages is subject to dismissal pursuant to this Motion. Punitive damages are not available for breach of contract claims brought under the Labor Management Relations Act ("LMRA"). And, while the Ninth Circuit holds that punitive damages may be recoverable under a claim under the LMRDA, Plaintiff's request for punitive damages here is not supported by the factual allegations of the FAC. Since this is Plaintiff's second attempt to state a claim, the JATC respectfully submits that the Court should grant this Motion and dismiss the FAC with prejudice and without leave to amend.

B.  **Statement of Facts**.

   1.  **The Parties.**

Plaintiff alleges that he is a member of International Brotherhood of Electrical Workers Local 569 ("Local 569"). (FAC ¶8.) Local 569 is alleged to be a labor

organization within the meaning of 29 U.S.C. §152(5). (*Id.,* ¶9.)

The JATC is a joint apprentice committee "under a collective bargaining agreement within the meaning of California *Labor Code* §3075(a)." (*Id.,* ¶14.) While Plaintiff also alleges in bare bones fashion that JATC is "… a labor organization affecting commerce as defined by 29 U.S.C. §152(6)(7) and 402(j)" (*id.,* ¶15), he alleges no *facts* to support that conclusion. The facts the FAC does allege actually suggest JATC is *not* a labor organization. Rather, it is an entity formed pursuant to a collective bargaining agreement *between* an acknowledged labor organization (IBEW Local 569) and the San Diego Chapter of the National Electrical Contractors Association ("San Diego NECA"). (*Id.,* ¶36.)

### 2. Alleged Facts Giving Rise to Plaintiff's Claims.

Although the FAC is considerably longer than the original Complaint, the ultimate facts bearing on Plaintiff's claims are little changed from those set forth in the earlier pleading, which this Court addressed in its Order Granting Defendants' Motion to Dismiss filed August 4, 2016. (Dkt. #19.) In the interest of brevity, JATC focuses on those limited facts necessary to provide background and address Plaintiff's claims.

Plaintiff was dispatched to work as an electrician for Five Star Electric on February 18, 2015. (*Id.,* ¶¶96-97.) He was fired from that job nine days later on February 27, 2015. An acting foreman handed him a Termination Notice. No reason was given for the termination at that time. (*Id.,* ¶98.) On March 30, 2015, he received a letter from JATC stating that he was to show cause why it should not be recommended to the Administrator of Apprenticeship why his apprenticeship agreement should be cancelled in light of his termination by Five Star Electric. (*Id.,* ¶101.) He appeared before the JATC on March 31, 2015. (*Id.,* ¶34.) He received a letter on April 6, 2015 from JATC stating that JATC made a decision to apply to the Administrator of Apprenticeship to cancel his apprenticeship agreement effective

March 31, 2015. (*Id.,* ¶117.)

On May 1, 2015, Plaintiff appealed the cancellation of his Apprenticeship Agreement to the Administrator of Apprenticeship/Director of the California Department of Industrial Relations. (*Id.,* ¶126.) The California Department of Industrial Relations conducted an administrative hearing regarding JATC's decision to cancel Plaintiff's apprenticeship. (*Id.,* ¶129.) The Administrator of Apprenticeships subsequently issued a decision finding that JATC lacked good cause to terminate Plaintiff's Apprenticeship Agreement. That decision became final on or about February 28, 2016. (*Id.,* ¶¶130-136.)

### 3. Plaintiff's Claims for Relief.

#### a. First Cause of Action:

The First Cause of Action is purportedly one for breach of contract. Plaintiff alleges that the National Standards were incorporated into his Apprenticeship Agreement, and that the Apprenticeship Agreement requires apprentice evaluation forms to be filled out and signed by a journeyman with whom the apprentice is working, be discussed with the apprentice and be signed by the apprentice before being submitted to the JATC. Plaintiff contends the JATC breached the Apprenticeship Agreement by not adhering to these standards. (FAC, ¶144-145.) He claims that as a result, he is entitled to "declaratory and injunctive relief" (although he does not specify what declaration or injunction he seeks) and damages (although he does not specify what damages he sustained).

#### b. Second Cause of Action:

Plaintiff's Second Cause of Action is one for "infringement of rights" under the LMRDA. He claims that by ordering him to show cause why his Apprenticeship Agreement should not be terminated without presenting him with written specific charges, his rights as guaranteed by 29 U.S.C. §411(a)(5)(A) have been infringed. He seeks damage and prejudgment interest, but does not allege what damage he

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

sustained. (FAC ¶149.)

### c. Third Cause of Action:

Plaintiff's Third Cause of Action is also an LMRDA "infringement of rights claim." The focus of this claim is the alleged order to show cause regarding the termination of his Apprenticeship Agreement on only one day's written notice." (*Id.,* ¶153.) He again seeks damage and prejudgment interest, but does not allege what damage he has sustained.

### d. Fourth Cause of Action:

The Fourth Cause of Action, also an LMRDA claim for "infringement of rights," refers to the decision to expel Plaintiff from the apprenticeship program without a full and fair hearing. (*Id.,* ¶157.) He again seeks unspecified damages without alleging what damages he sustained.

### e. Fifth Cause of Action:

Plaintiff's Fifth Cause of Action is another LMRDA claim. He alleges that the Local 569 bylaws are inconsistent with the LMRDA since they require the Local to accept JATC's decision to terminate an apprenticeship, notwithstanding the fact that the Local Standards governing the JATC does not set forth a method by which a union apprentice can be disciplined only after having been served with written specific charges, given a reasonable time to prepare a defense, and afforded a full and fair hearing. (FAC, ¶160.) He seeks a judicial declaration that the alleged offending provision of the bylaws "is of no force and effect." (*Id.* at 161.)

Plaintiff's prayer for relief purports to seek punitive damages. (FAC, p. 43, ln. 1.) The only basis for this request appears at ¶142 of the FAC, where Plaintiff alleges that "At all material times, Defendants acted with malice or with conscious disregard for Plaintiff's rights."

## II. ARGUMENT

### A. Standards Governing Motions to Dismiss.

A complaint states a plausible claim for relief if its "factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663, 129 S.Ct. 1937, 1949 (2009). The requirement that courts must take plaintiff's factual allegations as true does not apply to legal conclusions or "formulaic recitation of the elements of a cause of action"; such allegations may properly be set aside. *Id.*, at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss should be granted if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 569. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 556. Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal.1998).

### B. Plaintiff's Breach of Contract Claim Should Be Dismissed.

Plaintiff alleges that the National Standards are incorporated into his Apprenticeship Agreement, and require that apprentice evaluation forms be filled out and signed by a journeyman electrician with whom he was working, be discussed with the apprentice and be signed by the apprentice before being submitted to JATC. (FAC ¶144.) His claim is fatally flawed.

First, the statute under which Plaintiff brings his claim - LMRA §301 (29

U.S.C. §185 - expressly relates to claims by employers against *labor organizations.* In his original Complaint, Plaintiff failed to allege that JATC is a labor organization within the meaning of that statute. In ruling on the Motion to Dismiss that Complaint, the Court concluded that the cases cited by the JATC did not "… clearly establish that apprenticeship committees are not labor organizations as a matter of law." (*See,* Order Granting Defendants' Motion to Dismiss, Dkt. #19, p. 8.)[1] Nevertheless, the Court granted the Motion to Dismiss, concluding that "[b]ased on the current pleadings, the Court finds that Plaintiff has not sufficiently alleged or established that JATC is a labor organization within the meaning of LMRDA." (Dkt. #19, p. 9.)

On this point, the FAC alleges that IBEW Local 569 is a labor organization (FAC, ¶9), and presumably Local 569 - a labor union - would not dispute that allegation. The FAC also alleges as follows with respect to the JACT: "At all material times, San Diego Electrical JATC was and is now a labor organization within the meaning of 29 U.S.C. §§142(3), 152 (5) and 402(i) [FAC ¶14]" and "At all material times, San Diego Electrical JATC has been a labor organization affecting commerce as defined by 29 U.S.C. §§152(6) (7) and 402 (j)." But there are no *facts* set forth in the FAC to give credence to these bare conclusions, and indeed, the facts that *are* alleged suggest otherwise. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545.

---

[1] The cases JATC previously cited, and that the Court addressed in the Order dismissing the original Complaint, are *Link v. Rhodes*, 2006 WL 1348424 at *9 (N.D. CA. 2006); *Young v. Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers*, Local 17, No. 78 C 1897, 1981 WL 27274, at *3 (N.D. Ill. July 21, 1981), *aff'd sub nom. Young v. Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers*, Local 17, 703 F.2d 572 (7th Cir. 1983), and *Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058, 1066 (5th Cir. 1980)

As Plaintiff himself acknowledges, the JACT is a creature established under a collective bargaining agreement pursuant to California *Labor Code* §3075. (FAC ¶14.) That section provides in relevant part that "[w]here a collective bargaining agreement exists, a program shall be jointly sponsored unless either party to the agreement waives its right to representation in writing. Joint apprenticeship committees shall be composed of an equal number of employer and employee representatives." In other words, the JACT is *sponsored* in part by a labor organization. It is not itself a labor organization. And the FAC alleges no facts from which the Court could plausibly infer otherwise.

Second, Plaintiff acknowledges that the Local Apprenticeship and Training Standards for the San Diego Electrical Joint Apprenticeship Training Committee Representing the San Diego Chapter National Electrical Contractors Association, Inc. and Local Union No. 569 International Brotherhood of Electrical Workers (the "Local Standards") were adopted by JATC, not the National Standards. (FAC ¶47.) He points to no provision of the Local Standards that mandate the specific procedures he claims to have been breached here. Moreover, even if the National Standards are somehow to be construed as having been incorporated into the Apprenticeship Agreement, Plaintiff points to no specific provision of the National Standards that require these specific procedures. Rather, he only refers to a sample evaluation form that is attached as Appendix E to the National Standards. (*See,* FAC ¶83.)[2]

An even more fundamental problem with the first claim for relief is that the

---

[2] A true and correct copy of the "National Standards" referred to in the FAC is attached to the Declaration of Joseph C. Faucher filed concurrently herewith. Although he does not attach the National Standards, Plaintiff refers extensively to them in the FAC. A court may consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (a court may consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). See also, *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1020 (C.D. Cal. 2015).

claim is moot. The "Constitution's case-or-controversy limitation on federal judicial authority, Art. III, § 2, underpins . . . mootness jurisprudence." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). A determination of justiciability considers "whether the plaintiff has made out a case or controversy between himself and the defendant within the meaning of Art. III." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Justiciability "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Id*. "Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party." *Id*. Accordingly, the "mootness doctrine asks the basic question whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties." *Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1141 (9th Cir. 2009) (citing *Flagstaff Med. Ctr., Inc. v. Sullivan*, 962 F.2d 879, 884 (9th Cir. 1992)).

If an "administrative process results in a determination favorable to [a claimant] . . . it may be that the [claimed injuries] complained of have been rendered moot." *Shisslak v. Richardson*, 462 F.2d 1370, 1371 (9th Cir. 1972). Where a claimant has "pursued administrative remedies" related to his claim, success in that pursuit "would have [] mitigated or even mooted" the alleged injury. *Deppe v. United Airlines*, No. 00-3185, 2000 WL 1897296, at *5 (N.D. Cal. Dec. 19, 2000) (recognizing instances where "plaintiffs were pursuing administrative claims that would have essentially mooted any need for later court action") (*citing Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). In this case, Plaintiff admits that his administrative appeal of the termination of his apprenticeship agreement resulted in a final decision in his favor and his apprenticeship was reinstated. (*See*, FAC ¶¶126-136.) Consequently, there is nothing for this Court to decide.

And finally, even if Plaintiff could overcome these obstacles, the First Cause of Action would still be subject to dismissal because Plaintiff alleges no damages that flowed from the purported breach. "[A] complaint ... must contain either direct or

inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "The standard elements of a claim for breach of contract are: '(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom.'" *Phipps v. Wells Fargo Bank, N.A.*, 2011 WL 302803, at *9 (E.D. Cal. Jan. 27, 2011), citing *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal.App.4th 1171, 1178 (2008).

Although he conclusorily alleges that he seeks "damages," Plaintiff does not allege that he actually sustained any damages as a result of the purported breach of contract. JATC respectfully requests, therefore, that the First Cause of Action be dismissed without leave to amend.

### C. Plaintiff's LMRDA Claims Must Be Dismissed Because Plaintiff Fails to Allege Sufficient Facts to Suggest That the JATC Is a Labor Organization Subject to Liability Under that Statute.

The Court should dismiss Plaintiff's Fourth, Fifth and Sixth causes of action for infringement of rights brought under Section 411(a)(5) of the Labor-Management Reporting and Disclosure Act ("LMRDA") because as set forth above, JATC is not a labor organization.  (*See section* **B.**, *supra.*) The LMRDA is only intended to regulate the relationship between a labor organization and its members. *See Thompson v. New York Cent. R. Co.*, 361 F.2d 137, 145 (2nd Cir. 1966) (stating that "it has been consistently held that the Labor-Management Reporting and Disclosure Act regulates only the relationship between the union and its members and not that between an employer and his employees").  The LMRDA defines "labor organization" as follows:

> [A] labor organization engaged in an industry affecting commerce and includes any organization of any kind, any agency, or employee

-10-
MPA IN SUPPORT OF MOTION TO DISMISS; Case No: 16-cv-0676-GPC-JMA

161269.v1

representation committee, group, association, or plan so engaged in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment, and any conference, general committee, joint or system board, or joint council so engaged which is subordinate to a national or international labor organization, other than a State or local central body.

29 U.S.C. §402.

No *facts* are alleged to support the conclusion that JACT meets this definition.

Moreover, none of the Second through Fifth Causes of Action actually allege that Plaintiff actually sustained any damages as a result of the purported infringement of rights complained of in those claims. And, each of the purported infringements of rights that he complains about have been rectified by his reinstatement to the apprenticeship program by the Department of Industrial Relations. No further amendment of his pleading can overcome this fatal flaw. Consequently, JACT respectfully requests that the Court dismiss the Second through Fifth Causes of Action without leave to amend.

### D. In the Event The Court Does Not Dismiss All of Plaintiff's Claims, His Request for Punitive Damages Is Subject to Dismissal.

For the reasons set forth above, JACT respectfully requests that the Court dismiss all of Plaintiff's claims, and the entirety of the FAC. In the event, however, that the Court dismisses anything less than all of Plaintiff's claims, it should nevertheless also dismiss the claim for punitive damages set forth in the Complaint.

Paragraph 1 of the prayer of the FAC seeks "[p]unitive damages in an amount to be proven at trial." (FAC, p. 43.) The only allegation in the FAC that could even arguably support a prayer for punitive damages appears at ¶142, which states "[a]t all material times, Defendants acted with malice or with conscious disregard for Plaintiff's rights."

The proper means of attacking an improper claim for punitive damages is via a

motion to dismiss pursuant to F.R.Civ.P. 12(b)(6). *See Walker v. McCoud Cmty. Servs. Dist.*, No. 16-61, 2016 WL 951635, at *2 (E.D. Cal. Mar. 14, 2016) ("[t]he proper vehicle for challenging the sufficiency of a punitive damages claim is a motion to dismiss under Rule 12(b)(6), and not a motion to strike under Rule 12(f)").

It is somewhat unclear whether Plaintiff is pursuing a punitive damages remedy pursuant to his First Cause of Action for Breach of Contract, or under one or more of his LMRDA "infringement of rights" claims. In either event, the claim cannot proceed. First, punitive damages are not available for breach of contract claims brought under the Labor Management Relations Act ("LMRA"). *See Loft v. Stationary Engineers, Local 39 PTF, LLC*, 87 F. Supp. 3d 1138, 1147 (N.D. Cal. 2015), citing *Moore v. Local Union 569 of Int'l Bhd. of Elec. Workers,* 989 F.2d 1534, 1542 (9th Cir. 1993); *Williams v. Pac. Maritime Ass'n*, 421 F.2d 1287, 1289 (9th Cir. 1970) ("[W]e think the proposition is established under federal labor law that punitive damages may not be awarded for grievances" brought pursuant to the LMRA)).

Punitive damages may in some cases be available in the context of LMRDA claims. *Bise v. Int'l Bhd. of Elec. Workers, AFL-CIO Local 1969*, 618 F.2d 1299, 1305 (9th Cir. 1979) (citing *Cooke v. Orange Belt District Council of Painters*, 529 F.2d 815, 820 (9th Cir. 1976)). However, to support a prayer for punitive damages under the LMRDA, Plaintiff must "establish actual malice or reckless or wanton indifference to his rights." *Id. See also Casumpang v. Int'l Longshore & Warehouse Union, Local 142*, 411 F. Supp. 2d 1201, 1218 (D. Haw. 2005) ("Punitive damages are available in an LMRDA case in the Ninth Circuit to a plaintiff who establishes actual malice or reckless or wanton indifference to plaintiff's rights").

Where a claim for punitive damages is available under federal statute, "eligibility is determined by federal law." *Crisanto v. Cty. of Tulare*, No. 15-1527, 2015 WL 7188165, at *6 (E.D. Cal. Nov. 16, 2015). Under federal law, a Plaintiff may recover punitive damages where a defendant's conduct "was driven by evil

motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others" or "was wantonly or oppressively done." *Id*. (citing *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005)). "Federal pleading standards allow malice and intent to be alleged generally." *Id.* (emphasis added) (citing Fed. R. Civ. P. 9(b)). Nevertheless, "the Supreme Court holds that 'generally' is a relative term and that it does not give a party 'license to evade the less rigid – though still operative – strictures of Rule 8.'" *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009)). Accordingly, "many district courts … require pleadings to articulate facts that support a plausible claim that a party acted with malice or evil intent." *Id*. (citing *Coppola v. Smith*, 982 F. Supp. 2d 1133, 1144 (E.D. Cal. 2013) (finding that "Rule 9(b) ensures there is no heightened pleading standard for malice, but malice must still be alleged in accordance with Rule 8 – a 'plausible' claim for relief must be articulated.").

In the instant case, there are no facts articulated in the FAC that would support a plausible claim that the JACT acted with malice or evil intent toward Plaintiff. Accordingly, even if the Court dismisses anything less than all of Plaintiff's claims, the prayer for punitive damages should nevertheless be dismissed.

### III.   CONCLUSION

For the foregoing reasons, each of the causes of action set forth in Plaintiff's First Amended Complaint should be dismissed without leave to amend as against Defendant San Diego Electrical Joint Apprenticeship Training Committee.

DATED: September 9, 2016                TRUCKER ✦ HUSS

By: s/Joseph C. Faucher
Joseph C. Faucher
Attorneys for Defendant
SAN DIEGO ELECTRICAL JOINT
APPRENTICESHIP AND TRAINING
COMMITTEE