1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9             SOUTHERN DISTRICT OF CALIFORNIA
10

11  MARTIN MAURER,                        Case No.:  3:16-cv-00676-GPC-JMA
12                        Plaintiff,
                                          **ORDER GRANTING IN PART AND**
13  v.                                    **DENYING IN PART DEFENDANTS'**
                                          **MOTIONS TO DISMISS**
14  INTERNATIONAL BROTHERHOOD
    OF ELECTRICAL WORKERS, LOCAL          **[ECF Nos. 21 & 22]**
15  569, AFL-CIO; and SAN DIEGO
    ELECTRICAL JOINT
16  APPRENTICESHIP AND TRAINING
    COMMITTEE,
17
18                        Defendants.
19
20

21        After being terminated from Defendant San Diego Electrical Joint Apprenticeship

22  and Training Committee's ("SDJATC" or "the Committee") apprenticeship program, *pro*

23  *se* Plaintiff Martin Maurer, a member of Defendant International Brotherhood of

24  Electrical Workers Local 569, AFL-CIO ("IBEW"), brought this case against both

25  organizations for breach of contract under the Labor-Management Relations Act of 1947

26  ("LMRA") and for infringement of rights under the Labor-Management Reporting and

27  Disclosure Act of 1959 ("LMRDA").  Before the Court are Defendants SDJATC's and

28  IBEW's motions to dismiss Plaintiff's first amended complaint ("FAC").  ECF Nos. 21 &

22.  Both motions to dismiss have been fully briefed.  On September 29, 2016, Plaintiff filed a response to SDJATC's motion to dismiss and a response to IBEW's motion to dismiss.  ECF Nos. 25 & 26.  On October 14, 2016, Defendants SDJATC and IBEW filed replies.  ECF Nos. 27 & 28.

## FACTUAL BACKGROUND

The IBEW Local 569 Inside Agreement is a collective bargaining agreement executed between the San Diego National Electrical Contractors Association ("NECA") and the IBEW Local 569.  FAC ¶ 35.  The SDJATC is "a joint apprentice committee" created by NECA and IBEW under their collective bargaining agreement and pursuant to Cal. Lab. Code Ann. § 3075(a) (governing the establishment of apprenticeship programs).  *Id*. ¶ 13.  On January 10, 2012, Maurer entered into an apprentice agreement with SDJATC.  *Id.* ¶ 93.  On March 1, 2012, Defendant IBEW, alleged by Plaintiff to be a labor organization within the meaning of 29 U.S.C. § 152(5)[1], *id.* ¶ 9, admitted Maurer as a member of the organization, *id.* ¶ 94.

On February 18, 2015, Plaintiff was dispatched to work as an electrician for Five Star Electric.  *Id*. ¶ 97.  On February 27, 2015, Five Star Electric fired Plaintiff by handing him a "Termination Notice."  *Id.* ¶ 98.  No reason was given for the termination. *Id.*  On or about March 2, 2015, Plaintiff filed a grievance with the IBEW office, challenging the lack of reasons for his termination.  *Id.* ¶ 99.  On March 30, 2015, Plaintiff received a letter from SDJATC stating that Plaintiff was "to show-cause" why SDJATC should not recommend to the Administrator of Apprenticeship (the "Administrator") that Plaintiff's apprenticeship agreement be canceled in light of his termination from Five Star Electric.  *Id.* ¶ 101.  Plaintiff received this letter one day prior to a hearing on the matter, which was held before the Committee on March 31, 2015.  *Id.*

On April 6, 2015, Plaintiff received a letter from SDJATC stating that it had made

---

[1] Defendant IBEW does not contest that it is a "labor organization" within the meaning of the statute.

a decision to apply to the Administrator to cancel Maurer's apprenticeship agreement effective March 31, 2015.  *Id.* ¶ 117.  Sometime between March 31, 2015 and May 14, 2015, IBEW changed Plaintiff's union classification from "Apprentice Wireman" to "Unclassified."  *Id.* ¶ 121.  On May 1, 2015, Maurer appealed the SDJATC's March 31, 2015 decision to the Administrator.  *Id.* ¶ 126.  On January 29, 2016, the Administrator decided that SDJATC had failed to demonstrate a good and sufficient reason for canceling Plaintiff's apprenticeship agreement and reinstated Plaintiff to the apprenticeship program.  *Id.* ¶¶ 130-35.  Plaintiff resumed work on or about February 8, 2016, when he began to work for K&F Electric, Inc.  *Id.* ¶ 137.

## PROCEDURAL BACKGROUND

On March 21, 2016, Plaintiff filed a complaint against Defendants SDJATC and IBEW alleging the same six causes of action against each Defendant.  ECF No. 1. Plaintiff brought the first, second, and third causes of action under Section 301 of the LMRA, 29 U.S.C. § 185, and the fourth, fifth, and sixth causes of action under Section 101(a)(5) of the LMRDA, 29 U.S.C. § 411(a)(5).  *Id.* ¶¶ 1-2.  Both Defendants moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  ECF Nos. 4 & 7.  On August 4, 2016, the Court granted Defendants' motions to dismiss, in their entirety, without prejudice and with leave to amend.  ECF No. 19.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) the plaintiff must set forth in the complaint a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and giving "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether dismissal is suitable, the Court will take all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff.

*al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).  The Court will also consider whether the complaint alleges sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

In the event that the Court does grant a motion to dismiss, Rule 15 provides that leave to amend should be freely granted when justice so requires.  Accordingly, when a court dismisses a complaint for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (internal citations omitted).  Amendment, therefore, may be denied if it would be futile.  *See id.*

## DISCUSSION

### A. First Amended Complaint

In the FAC, Plaintiff asserts five causes of action against both Defendant SDJATC and Defendant IBEW.[2]  Plaintiff's first cause of action alleges a violation of Section 301 of the LMRA, 29 U.S.C. § 185, for breach of contract.  The second through fifth causes

/ / / /

/ / / /

---

[2] Although it is unclear from Plaintiff's complaint which causes of action he is asserting against which Defendant, Defendants' motions to dismiss seek to dismiss all five causes of action.  Accordingly, the Court addresses each cause of action as to each Defendant.

of action allege infringement of rights, pursuant to 29 U.S.C. § 412[3], of Sections § 411(a)(5)[4], safeguards against improper disciplinary action, and 29 U.S.C. § 411(b)[5], invalidity of Constitution and bylaws, of the LMRDA.

In the first cause of action, Maurer alleges that Defendants breached the National Guidelines for Apprenticeship Standards ("National Guidelines"), or as Plaintiff refers to them, the "National Standards," by accepting an apprentice evaluation form that did not contain a signature from a supervising journeyman. FAC ¶ 145. In the second, he alleges that Defendants infringed upon his rights under § 411(a)(5)(A) because SDJATC ordered Plaintiff to show cause why he should not be expelled from the apprenticeship program without first being served with specific written charges. *Id.* ¶ 149. In the third, he contends that Defendants infringed upon his rights under § 411(a)(5)(B) because SDJATC ordered Plaintiff to show cause why he should not be expelled with only one day written notice (i.e., not a reasonable time to prepare a defense). In the fourth, he avers that Defendants infringed upon his rights under § 411(a)(5)(C) because SDJATC expelled Plaintiff from the apprenticeship program without a full and fair hearing. *Id*. ¶ 157. Finally, in the fifth cause of action, Maurer asserts that Section 3(b) of Article XII of IBEW's bylaws, requiring the IBEW to accept SDJATC's decision to expel an apprentice from the program, should be declared as having no "force or effect," pursuant

---

[3] "Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located." 29 U.S.C. § 412.

[4] "No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." 29 U.S.C. § 411(a)(5). The second through fourth causes of action allege violations of subsections (A) through (C), respectively.

[5] "Any provision of the constitution and bylaws of any labor organization which is inconsistent with the provisions of this section shall be of no force or effect." 29 U.S.C. § 411(b).

to 29 U.S.C. § 411(b), because the SDJATC has "not set forth a method" for enforcing safeguards against improper disciplinary action under § 411(a)(5). *Id.* ¶¶ 160-61.

## B. SDJATC's Motion to Dismiss

Defendant SDJATC's primary argument is that the Court should dismiss all of Plaintiff's causes of action because SDJATC is not a "labor organization" within the meaning of either the LMRA or LMRDA and, thus, cannot be the subject of suit under either statute. ECF No. 21-1 at 14. More precisely, SDJATC argues that Plaintiff has failed to adequately plead that SDJATC is a "labor organization" because Maurer does not set forth any facts in support of the conclusion. *See* ECF No. 21-1 at 11, 15.

Defendant SDJATC's alternative arguments are as follows. In the event that the Court finds that the SDJATC is a "labor organization" within the meaning of the LMRA, Defendant argues that Plaintiff has, nonetheless, failed to state a cause of action under the LMRA because: 1) Plaintiff alleges no damages in connection with his claim; 2) Plaintiff's claims are moot because Maurer already prevailed on an administrative challenge of the termination of his apprenticeship; 3) SDJATC never incorporated the "National Standards"; and 4) Plaintiff has not stated a valid breach of contract claim even if, for the sake of argument, the SDJATC did incorporate the "National Standards." *See* ECF No. 21-1 at 10-14. Similarly, in the event that the Court rejects Defendant's argument that the SDJATC is not a "labor organization" under the LMRDA, SDJATC alternatively argues that Plaintiff's claims must fail because Maurer did not 1) allege any damages in connection with his claims and because 2) his claims are moot in light of his successful administrative challenge. *See* ECF No. 21-1 at 14-17. Plaintiff also asks the Court to dismiss Plaintiff's claim for punitive damages under the LMRDA. ECF No. 21-1 at 6.

Because the Court agrees with Defendant that Plaintiff has failed to allege a "violation of contract" under the LMRA, 29 U.S.C. § 185(a), the Court will not address SDJATC's argument that it is not a "labor organization" within the meaning of the

LMRA or any of its other arguments.  The Court will, however, address all of SDJATC's arguments against liability under the LMRDA in turn.

### 1.  Plaintiff's LMRA claim

The LMRA confers jurisdiction on district courts to hear disputes arising from "violation of contracts" between "an employer and a labor organization representing employees in an industry affecting commerce" or between "any such labor organizations." 29 U.S.C.A § 185(a).  Accordingly, jurisdiction under the LMRA is proper when the suit is for a "violation of contract" and when the suit involves a "labor organization" within the meaning of the statute.  *See Trs. of Operating Eng'rs Pension Trust v. Tab Contractors, Inc.*, 224 F. Supp. 2d 1272, 1276 (D. Nev. 2002). The Supreme Court has made clear that the statute "contemplates suits by and against individual employees as well as between unions and employers" and includes suits to "vindicate 'uniquely personal' rights of employees such as wages, hours, overtime pay, and wrongful discharge."  *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976).

### a.  Violation of Contract

Plaintiff's LMRA claim arises from SDJATC's alleged violation of the National Guidelines for Apprenticeship Standards for Electrical Joint Apprenticeship and Training Committees, or National Guidelines, which, Plaintiff argues, is a contract between Plaintiff and SDJATC.  FAC ¶ 144.  Plaintiff contends that SDJATC must follow the National Guidelines because the NECA-IBEW collective bargaining agreement mandates that local apprenticeship standards be "in conformance with" the National Guidelines. ECF No. 26-1 at 14.  What Plaintiff's argument fails to appreciate, however, is that the SDJATC cannot be held liable for violations of the National Guidelines unless those guidelines are a contract and unless SDJATC is a party to that contract.  It is not enough, for example, to cite to a line in the collective bargaining agreement between NECA and IBEW as evidence that a binding contract exists between SDJATC, a separate legal organization, and Plaintiff.

As Defendant SDJATC points out, Plaintiff has not alleged that the Committee adopted the National Guidelines.  Maurer alleges that the International President of the IBEW, the CEO of NECA, and the Executive Director of the National Joint Apprenticeship and Training Committee, all adopted the National Guidelines; but none of those allegations are relevant to the question of whether SDJATC adopted the National Guidelines.  *See* FAC ¶¶ 40-42.  Thus, Plaintiff has failed to allege sufficient facts to demonstrate that SDJATC is a party to the National Guidelines or that it adopted them.

What is more, even if Plaintiff could demonstrate that SDJATC adopted the National Guidelines, that fact would not matter because the National Guidelines are not a contract.  The foreword of the National Guidelines states that its purpose is:

> *to provide policy and guidance* to local JATCs in properly developing Apprenticeship Standards for Industry approval and subsequent Registration Agency acceptance . . . Local Apprenticeship Standards developed from the NJATC's [National Joint Apprenticeship and Training Committee for the Electrical Industry] Guidelines for Apprenticeship Standards, must be properly registered, as per Industry policy, by each JATC that undertakes to carry out an apprentice training program.  *Local Apprenticeship Standards represent the JATC's written plan delineating the terms and conditions for the recruitment, selection, employment, training, and supervision of apprentices as subscribed to by the JATC.*  Apprentice Standards must meet the requirements of the local Registration Agency.

*Id.* ¶ 44 (emphasis added).  This language belies the very notion that the National Guidelines are a contract.  As the forward unequivocally states, the National Guidelines are meant to "provide policy and guidance" to local JATCs as they prepare to promulgate local standards for apprenticeship programs.  Nothing in this foreword, or in any of the other sections cited by Plaintiff, indicates that the National Guidelines are a binding contract.  In fact, the forward itself explains that it is the "local standards" that represent the "written plan delineating the terms and conditions . . . subscribed to by the JATC," not the National Guidelines.

The SDJATC adopted local standards in conformity with the National Guidelines on November 19, 2007.  *Id.* ¶ 47.  Those standards, in turn, were approved by and

registered with the National Apprenticeship and Training Committee and the U.S. Department of Labor. *Id.* ¶¶ 52-53. Nowhere in Plaintiff's complaint does it allege that the local standards adopted by the SDJATC contain a provision requiring journeymen working with an apprentice to discuss evaluation forms and sign them before submittal to the SDJATC. *See* FAC ¶ 144. Moreover, as stated above, the National Guidelines are not a binding contract. Accordingly, Plaintiff has failed to state a valid claim for breach of contract under 29 U.S.C. § 185(a) because he has failed to plead a "violation of contract."

For these reasons, the Court **GRANTS** Defendant SDJATC's motion to dismiss Plaintiff's first cause of action. Because the National Guidelines are not a binding contract, Plaintiff has failed to state a valid cause of action and this failure cannot be cured. *See DeSoto*, 957 F.2d at 658. Accordingly, Plaintiff's first cause of action is dismissed with prejudice as to both Defendants.

### 2. Plaintiff's LMRDA claims

#### a. Whether SDJATC is a "labor organization"

The LMRDA defines a "labor organization" as follows:

> 'Labor organization' means a labor organization engaged in an industry affecting commerce and includes any organization of any kind, any agency, or employee representation committee, group, association, or plan so engaged in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment, and any conference, general committee, joint or system board, or joint council so engaged which is subordinate to a national or international labor organization, other than a State or local central body.

29 U.S.C. § 402(i). Defendant SDJATC's contends that Plaintiff's LMRDA claims should be dismissed because Plaintiff offers only "bare conclusions" in support of his position that SDJATC is a "labor organization." ECF No. 21-1 at 5, 15. This contention, however, underestimates the allegations in Plaintiff's complaint. In the FAC, Maurer offers the SDJATC's local standards as support for his argument that Defendant is a

"labor organization" within the meaning of the LMRDA.  *See* ECF No. 26-1 at 12-13.  A sampling of the standards reproduced in Plaintiff's allegations are as follows:

> The SDJATC shall take action and dispose of all apprenticeship matters before the action is reported to, or acted upon by, the sponsoring organizations.

> The SDJATC shall have full authority and responsibility to review and shall seek to resolve all issues and/or disputes pertaining to all apprenticeship matters.

> The SDJATC has full authority to supervise the enforcement of these Standards. Its decision will be final and binding on the employer, the local union and the apprentice, unless otherwise noted below.

> For issues regarding wages, hours, working conditions, and other issues covered by the Collective Bargaining Agreement, apprentices may seek resolution through the applicable Grievance and Arbitration Articles of the collective bargaining agreement after first bringing documented evidence to the SDJATC.

> The decision(s) of such joint committee shall be accepted by the Local Union.  Its decision will be final and binding on the employer, the local union and the apprentice . . .

FAC ¶¶ 65-68 (emphasis omitted).  Accordingly, Plaintiff has presented factual allegations to support his contention that the SDJATC is a "labor organization."  For example, because SDJATC has the power to adjudicate disputes about working conditions, *see id.* ¶ 67 (stating that employees must bring grievances about "wages, hours, working conditions, and other issues" to the SDJATC prior to bringing such grievances under the Collective Bargaining Agreement) and because its decision is binding on the employer, *see id.* (stating that the SDJATC's decision "will be final and binding on the employer, the local union and the apprentice"), it is plausible that the SDJATC exists, at least in part, for the purpose of dealing with employers.

This conclusion is, moreover, not precluded by any law presented to the Court.  As the Court noted in its August 4, 2016 Order, "none of the authorities cited by [SD]JATC

clearly establish that apprenticeship committees are not labor organizations as a matter of law." *See* ECF No. 19 at 8. Similarly, here, Defendant has failed to present the court with any legal authority demonstrating that joint apprenticeship training committees are not "labor organizations" under the LMRDA. Thus, because Maurer has amended his complaint to allege factual allegations establishing that SDJATC is a "labor organization" under the LMRDA, and because Defendant has failed to persuasively demonstrate that those allegations are insufficient as a matter of law, the Court will not grant Defendants' motion to dismiss on this ground.[6]

### b. Whether Plaintiff's claim inadequately pleads damages

Defendant SDJATC next argues that Plaintiff's second through fifth causes of actions are also deficient because they do not allege what damages Maurer actually sustained "as a result of the purported infringements of rights" under the LMRDA. Defendant is, however, incorrect in making this assertion. Plaintiff has indicated what harm resulted from Defendant's breach and he has plead damages with enough specificity to comply with notice pleading standards.

Here, Maurer indicates that SDJATC infringed upon the rights guaranteed to him under the LMRDA by terminating him from the apprenticeship program without the benefit of the safeguards enumerated at 29 U.S.C. § 411(a)(5). According to the FAC, SDJATC cancelled Maurer's apprenticeship agreement on March 31, 2015 with only one day's notice and without providing him with written charges. FAC ¶¶ 101, 102, 117. The Committee gave no reason for their determination and did not indicate what, if any,

---

[6] Defendant's remark that Plaintiff's facts, instead, "suggest" that the SDJATC is not a labor organization is similarly unpersuasive. *See* ECF No. 21-1 at 11. That Plaintiff acknowledges that the SDJATC was "jointly sponsored" by the parties to a collective bargaining agreement (i.e., the NECA and IBEW) does not rule out the possibility that the SDJATC, too, is a labor organization. *See id.*, ECF No. 21-1 at 12 ("In other words, the SDJATC is sponsored in part by a labor organization. It is not itself a labor organization. And the FAC alleges no facts from which the Court could plausibly infer otherwise.") Thus, Defendant neither "suggests" nor demonstrates anything relevant by pointing out that the SDJATC was established pursuant to a collective bargaining agreement.

evidence they relied upon in reaching their conclusion. *Id.* ¶ 118.  The FAC goes on to describe the harm that resulted from these alleged infringements.  For example, because Maurer's apprenticeship was cancelled, he became "ineligible to use . . . Reserve Account hours or to make Direct Payment to maintain [medical] coverage for the month of June 2015," *id.* ¶ 120, and his union classification changed from "Apprentice Wireman" to "Unclassified," *id.* ¶ 121.  He was also ineligible to work as an apprentice from March 2015 until February 2016, at which time the Administrator reinstated him into the apprentice program. *See id.* ¶¶ 130, 134, 137.  Accordingly, the harms that resulted from SDJATC's decision to terminate his apprenticeship are evident from the face of the complaint.

The damages that Plaintiff seeks are also evident from the face of the complaint. In his prayer for relief, Maurer asks for 1) punitive damages; 2) compensatory damages; 3) special damages relating to loss of employment, delayed pay increases, and out-of-pocket expenses; 4) prejudgment interest at the legal rate; 5) costs of suit incurred herein; and 6) declaratory and injunctive relief. *Id.* at 42-43.  None of these requests are precluded by the language of the LMRDA, which provides that persons whose rights have been infringed "may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate."  29 U.S.C. § 412.  Thus, given Plaintiff's pro se status and the fact that Defendant does not rebut or respond to Plaintiff's allegations of damages, the Court concludes that notice pleading has been satisfied as to damages. *See Ottolini v. Bank of* America, 2011 WL 8583133, *5 (N.D. Cal. Dec. 6, 2011) (finding that pro se plaintiff had adequately plead damages by noting how he was harmed by Defendant's conduct).

### c.  Plaintiff's request for punitive damages

Defendant contends that Plaintiff is not entitled to punitive damages under the LMRDA because he has not adequately articulated facts to support a "plausible claim that the SDJATC acted with malice or evil intent toward Plaintiff."  ECF No. 21-1 at 17. Yet as Defendant notes, federal pleading standards only require a claimant to plead

malice and intent generally.  *See Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005).

Thus, Maurer need only state a "plausible" claim for punitive damages in order to survive

the motion to dismiss.  *See id.*

Plaintiff's complaint states that "[a]t all material times, Defendants acted with

malice or with conscious disregard for Plaintiff's rights."  FAC ¶ 142.  Such a conclusory

assertion is enough to survive federal pleading standards.  *See Alejandro v. ST Micro

Electronics, Inc.*, 129 F. Supp. 3d 898, 917-18 (N.D. Cal. 2015) (concluding that plaintiff

satisfied federal pleading standard by reciting a short and plain prayer for punitive

damages); *see also Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 406 (C.D.

Cal. 2005) (dismissing defendant's argument that Plaintiff's prayer for punitive damages

was insufficient because it made "bare conclusory allegations of oppression, fraud or

malice" because conclusory pleading is sufficient); *Clark v. Allstate Ins. Co.*, 106 F.

Supp. 2d 1016, 1018-19 (S.D. Cal. 2000) (concluding that Plaintiff did not need to plead

evidentiary facts to support contention that defendant had the mental state required to

impose punitive damages).  For this reason, the Court finds that Plaintiff has adequately

pled punitive damages to survive the motion to dismiss.

### d.  Whether Plaintiff's claim is moot

Defendant also argues that Plaintiff's claims under the LMRDA are moot because

they have already "been rectified by his reinstatement to the apprenticeship program by

the Department of the Industrial Relations."  ECF No. 21-1 at 15.  Yet as Plaintiff notes

in his opposition to Defendant's motion to dismiss, "the relief Plaintiff sought through the

administrative procedure was reinstatement of his apprenticeship [     ] while the relief

Plaintiff seeks from the Court is damages and prejudgment interest."  ECF No. 26-1 at 15

(citations omitted).  Indeed, as noted above, Plaintiff's current suit is for compensatory

damages, special damages resulting from loss of employment, costs of suit, among others

forms of relief.  Accordingly, Plaintiffs current suit is not moot as Plaintiff may, for

example, still demonstrate that he suffered damages between the time he was terminated

from the apprenticeship program up until the time he was reinstated.  As such, the Court is not persuaded that the doctrine of justiciability warrants dismissal of Plaintiff's FAC.

For the foregoing reasons, the Court **DENIES** SDJATC's motion to dismiss Plaintiff's second through fifth causes of action.

## C. IBEW's Motion to Dismiss

Defendant IBEW seeks to dismiss all of Plaintiff's claims.  ECF No. 22- 1 at 3, n.1.  IBEW contends that Plaintiff's remaining four causes of action must fail because 1) Plaintiff has not adequately plead that SDJATC is the agent of IBEW; 2) the LMRDA does not regulate decisions by apprenticeship trust funds like the SDJATC; and 3) Maurer's removal from the apprenticeship program does not constitute internal union discipline subject to 29 U.S.C. § 411(a), (b) of the LMRDA.  ECF No. 22-1 at 5.

### 1.  Whether SDJATC is a "labor organization" under the LMRDA

Defendant IBEW's second and third arguments rely on the assumption that SDJATC is not a "labor organization" within the meaning of the LMRDA.  *See* ECF No. 22-1 at 6 ("Because the JATC is not a labor organization, any decisions it makes to impose discipline on apprentices *qua* apprentices does not constitute internal union discipline governed by Section 101(a)(5) of the LMRDA . . .") (emphasis in original). Defendant, however, relies on no legal authority in making this argument.  Given that the Court already concluded, above, that Plaintiff has alleged sufficient factual allegations to plead that SDJATC is a "labor organization" within the meaning of the LMRDA, and because Defendant IBEW cites to no legal authority to the contrary, the Court rejects Defendant's second and third arguments.

### 2.  Whether Plaintiff pleads an agency relationship between SDJATC and IBEW

Common law agency principles apply to the LMRDA.  *Aguirre v. Automotive Teamsters*, 633 F.2d 168, 172 (9th Cir. 1980).  A principal may be held liable for the acts of its agent acting "within the general scope of their authority or through ratification by approval of their conduct with knowledge of the possibility of illegality." *Bender v. Wholesale & Retail Food Distrib., Teamsters Local 63*, 951 F.2d 358, 1991 WL 276452,

*2 (9th Cir. Dec. 23, 1991).  An agent acts with actual authority when it "reasonably believes, in accordance with the principal's manifestations, that the principal wishes the agent so to act."  Restatement (Third) of Agency § 2.01.  A principal ratifies an act when it "affirm[s] [ ] a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority."  *Id.* § 4.01.

In his response to Defendant's motion to dismiss, Plaintiff argues that the facts alleged in the FAC support two legal theories of agency: actual authority and ratification.  First, Plaintiff contends that the "entanglement" between IBEW and SDJATC tends to demonstrate that SDJATC acted with IBEW's actual authority.  Allegations tending to show that "entanglement" include: that 1) IBEW created the SDJATC and is a party to the Committee; 2) IBEW can terminate the SDJATC at any time; 3) SDJATC shares facilities with the IBEW; 4) three IBEW officers are SDJATC committee members; and 5) SDJATC's secretary is also IBEW's business manager.  ECF No. 25-1 at 19.  Second, Plaintiff avers that IBEW's "ratification" of SDJATC's decision to cancel Maurer's apprenticeship agreement also demonstrates an agency relationship.  To support this agency theory, Plaintiff alleges: 1) that IBEW changed Plaintiff's union's classification from "apprentice wireman" to "unclassified" after SDJATC removed Maurer, making him ineligible for work; 2) that the IBEW officers responsible for enforcing the IBEW bylaws did not stop the SDJATC disciplinary hearing even though the SDJATC had violated the National Guidelines[7]; and finally 3) that the IBEW officers voted to terminate Plaintiff from the apprenticeship program in order to "maintain friendly relations with Five-Star Electric."  ECF No. 25-1 at 22.

IBEW describes Plaintiff's complaint as being nothing more than "boilerplate agency allegations" and the "quintessential threadbare recitals of the elements of a cause of action" rejected by the Supreme Court in *Iqbal*.  *See* ECF No. 22-2 at 5 (citations

---

[7] As stated previously, this line of argument is unavailing because the National Guidelines are not a contract and because they were not adopted by SDJATC.

omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).  Defendant's oversimplification of Plaintiff's allegations is unpersuasive.  This is not a case where the plaintiff has relied on legal conclusions of agency cast as factual allegations to plead an agency relationship.  *See In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 911 (C.D. Cal. 2011).  Rather, and contrary to what Defendant suggests, Plaintiff has pointed to a number of facts that support his claim that SDJATC was the agent of IBEW.

Defendants other arguments also do not persuade the Court that Plaintiff has failed to adequately allege agency.  Defendant argues that Plaintiff's allegation that the Committee members "chose to maintain friendly relations with Five-Star Electric" does not make it "plausible" that the Committee members sought to remove Maurer from the apprenticeship program for the sake of "ingratiating the IBEW-appointed Trustees to the employers."  *Id.* at 3.  In making this argument, however, Defendant belies his own point as it does seem reasonable, given the facts Plaintiff has alleged, that the Committee members sought to remove Maurer in order to maintain good relations with Five-Star Electric.  Defendant's reliance on the NLRB's decision in *IBEW Local 429* is similarly unconvincing.  357 NLRB No. 34 (2011).  That case, Defendant argues, stands for the proposition that a trustee of a joint apprenticeship program is not acting for the appointing union, and that the union is not liable for the actions of the apprenticeship training committees, unless contrary evidence shows otherwise.  ECF No. 28 at 2-3 (citing *IBEW Local 429*, 357 NLRB at 334).  In *IBEW Local 429*, the Board attributed a JATC's conduct to the union based upon the finding that the JATC's actions were directed by union officials and that the JATC's committee members had acted to advance the interests of the union.  *Id.* at 333.  Thus, Defendant argues, because Plaintiff has not demonstrated that the SDJATC members acted with intent to advance the IBEW's interests, Maurer's agency theory is insufficient.  *Id.*  Reliance on the Board's decision in *IBEW Local 429* is, however, misplaced insofar as it addresses what is needed in order to prove that an agency relationship exists rather than what is needed in order to plead that an agency relationship exists.  Although there is certainly reason to doubt that Plaintiff

can prove that an agency relationship exists between the two organizations, that fact is not enough to dismiss Plaintiff's claims.

Finally, Defendant IBEW argues that Plaintiff has asserted nothing more than conclusory allegations in pleading an agency relationship between IBEW and SDJATC. That statement is incorrect.  Plaintiff has asserted a number of factual allegations in support of an agency relationship, and Defendant has failed to persuasively undermine any of those allegations.  Accordingly, the Court **DENIES** Defendant IBEW's motion to dismiss Plaintiff's second through fifth causes of action.

## CONCLUSION

Based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendants' motions to dismiss Plaintiff's first cause of action, be **GRANTED**. Accordingly, Plaintiff's claim under the LMRA is hereby **DISMISSED WITH PREJUDICE.**

2. Defendants' motions to dismiss are **DENIED** as to Plaintiff's second through fifth causes of action, brought under the LMRDA.

Dated:  November 7, 2016

Hon. Gonzalo P. Curiel
United States District Judge